The Mayagüez Drug Co., demandante y apelada, *v.* United States Fire Insurance Company, demandada y apelante.

No. 5143.—*Sometido:* Febrero 6, 1930. *Resuelto:* Febrero 12, 1930.

J. *Sabater*, abogado de la apelante; *Oscar Souffront*, abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La parte apelada solicita que desestimemos esta apelación y para ello dice que habiendo sido interpuesta el 8 de abril de 1929 no se radicó hasta veinticinco días después la moción del apelante optando porque el taquígrafo hiciera la transcripción de la evidencia para sostener su recurso, por lo que la transcripción de los autos debió ser presentada en este tribunal dentro de los treinta días siguientes a la interposición del recurso. Esa moción del apelante tiene nota de haber sido presentada el 3 de mayo, firmada por el subsecretario de la corte de distrito J. Durán Cruz.

En oposición a ese motivo de desestimación alega la apelante que tal moción fué presentada el 10 de abril al subsecretario de la corte sentenciadora J. Durán Cruz, y su abogado dice bajo juramento *(affidavit)* que el 10 de abril la escribió personalmente en la corte en papel y en maquinilla de la misma y que la entregó ese día al subsecretario J. Durán Cruz. También presentó una declaración jurada *(affidavit)* del subsecretario-archivero Nicolás Cancela, en la que dice haber examinado los autos de este pleito y que de ellos aparece que la expresada moción está escrita en papel de la corte, que tiene el tipo de letra de la máquina

que él usa y que el abogado del apelante escribe frecuentemente en las máquinas de la corte.

La Ley No. 27 de 27 de noviembre de 1917 dispone que el escrito optando porque el taquígrafo haga y prepare la transcripción de la evidencia para la apelación deberá presentarse dentro de diez días después de haberse archivado la apelación. Según el artículo 102, No. 23, de la Ley de Evidencia, es presunción satisfactoria que un escrito lleva fecha exacta, por lo que teniendo dicha moción fecha de radicación en 3 de mayo surge la presunción de que fué presentada en esa fecha, después del término concedido por la ley, presunción que no ha sido destruída por la declaración del abogado de la parte interesada, sin que por esto echemos dudas sobre su veracidad, porque entendemos que hubiera sido mejor prueba la declaración del subsecretario Durán de que el escrito se le presentó el 10 de abril y no el 3 de mayo, o prueba más satisfactoria en ese sentido. La otra declaración de Cancela no aporta luz alguna sobre el día de la entrega del escrito.

■ A pesar de lo expuesto no desestimaremos esta apelación de acuerdo con la regla 58 de este tribunal porque aunque el legajo de la sentencia y la transcripción de la evidencia no fueron presentados en este tribunal dentro de los treinta días siguientes a la interposición de la apelación, sin embargo, estaban radicados cuando la desestimación fué solicitada. No obstante que en este caso no podremos tener en cuenta la prueba practicada en el tribunal inferior por lo que hemos dicho al principio, la apelación puede ser sostenida basada en el legajo de la sentencia, según hemos resuelto en varias ocasiones.

■ También alega la apelada otro motivo para que desestimemos la apelación y es que la transcripción de las pruebas no es completa porque la apelante solicitó y obtuvo de la corte que el taquígrafo no hiciera la transcripción de ciertos libros de contabilidad y de cuentas presentados como evidencia para que fuesen remitidos originales a este tri-

bunal. La transcripción hecha así ha sido aprobada por la corte inferior, la que ha dispuesto que dichos libros y cuentas nos sean enviados originales. Sostiene, sin embargo, la apelada que esa evidencia ha debido ser incluída en la transcripción porque necesita esos libros para su uso y para presentarlos como prueba en otro pleito que tiene pendiente y porque en caso de una apelación a Boston no podrían formar parte de la transcripción. A esto contesta la apelante que las constancias de esos documentos no son necesarias para sostener su apelación y que está conforme en que sean entregados a la apelada si los necesita para otro pleito.

La Ley No. 81 de 1919 enmendando el artículo 299 del Código de Enjuiciamiento Civil dispone respecto a las exposiciones del caso y del pliego de excepciones preparados por la parte apelante que cuando sea necesario para una correcta inteligencia y resolución del asunto que algún mapa, documento original o *exhibit* de cualquier clase, que no sea susceptible de reproducción por medio de copia, fotografía o de otro modo, sea presentado al examen o inspección de la Corte Suprema, se hará una descripción del mismo y el secretario de la corte *a quo* después de autenticar dicho mapa o documento original o *exhibit,* bajo su firma y sello de la corte, remitirá el mismo al secretario de la Corte Suprema haciendo constar que se ha hecho parte del récord del asunto.

La razón para que eso se haga cuando se trata de una exposición del caso o pliego de excepciones es la misma que cuando el taquígrafo es el que prepara la transcripción de la evidencia, por lo que lo mismo puede hacerse en el último caso. Por lo tanto, la corte inferior pudo ordenar que dichos libros y cuentas no fuesen incluídos en la transcripción del taquígrafo y que fuesen enviados originales a esta corte. Si tales documentos no son necesarios para sostener la apelación, o si en algún momento pueden ser entregados a la apelada, es cuestión que no tenemos que resolver ahora.

*Por lo expuesto no ha lugar a desestimar la apelación.*